# IN THE COURT OF APPEALS OF IOWA

No. 25-0887
Filed August 20, 2025

IN THE INTEREST OF E.S.,
Minor Child,

J.S., Father,
　　　Appellant.
_____

　　　Appeal from the Iowa District Court for Osceola County, Shawna L. Ditsworth, Judge.


　　　A father challenges the termination of his parental rights to his daughter.
**AFFIRMED.**


　　　Kevin J. Huyser of Rensink, Pluim, Vogel & Huyser, Orange City, for appellant father.

　　　Brenna Bird, Attorney General, Mackenzie Moran, Assistant Attorney General, for appellee State.

　　　Alexandria Celli-Smith of Sandy Law Firm, P.C., Spirit Lake, attorney and guardian ad litem for minor child.


　　　Considered without oral argument by Tabor, C.J., and Greer and Buller, JJ. Sandy, J., takes no part.

**TABOR, Chief Judge.**

James, father of E.S., appeals the order terminating his parental rights to the ten-month-old child. Reviewing the issues that he preserved and raised on appeal, we find termination of his rights is appropriate and affirm the juvenile court.[1]

## I. Facts and Prior Proceedings

E.S. has never lived with either of her parents. When she was born in May 2024, she tested positive for methamphetamines, as did her mother and father.[2] The juvenile court removed her from parental custody and adjudicated her as a child in need of assistance (CINA). Over the next eight months, E.S. lived in foster care. When her foster family was unable to continue in that role, the Iowa Department of Health and Human Services placed her with the adoptive parents of a half-sibling. About one month later, the department moved her again to her maternal uncle Alex's home. Although born seriously underweight, the placements helped E.S. develop into a healthy baby with no significant health concerns. The department social worker and the guardian ad litem reported E.S. is safe and stable in her uncle's home.

Meanwhile, safety concerns about her father persisted. James didn't complete ordered mental-health or substance-use treatment, unsuccessfully discharging from two programs for failure to attend. He tested positive for

---

[1] "We review termination proceedings de novo, examining both the facts and law and adjudicating anew those issues properly preserved and presented." *In re A.R.*, 932 N.W.2d 588, 589 n.1 (Iowa Ct. App. 2019). We are not bound by the juvenile court's factual findings, but we give them respectful consideration, especially on witness credibility. *Id*.

[2] The juvenile court also terminated her mother's parental rights. The mother does not appeal.

methamphetamine throughout the CINA case, despite denying use. Sometimes he refused to cooperate with testing requests. He was charged with possession of drug paraphernalia and controlled substances following a probation officer's search of his home. And he refused to allow service providers and department workers into his home to assess its safety for a toddler.

The State petitioned to terminate parental rights, and the juvenile court held hearings in late spring 2025. On the father's motion, the court reopened the record a month later for more testimony. Ultimately the court terminated his rights under Iowa Code section 232.116(1), paragraphs (e), (h), and (*l*) (2025). James appeals.[3]

## II. Analysis

We review termination cases in three steps. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021). First, we assess whether the State has proven a statutory ground for termination under Iowa Code section 232.116(1). *Id.* Second, we examine whether termination is in the child's best interests under section 232.116(2). *Id.* And third, we decide whether a permissive factor under section 232.116(3) should apply to preclude termination. *Id.* We need not address a step that the parent does not dispute. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). And despite the expedited nature of juvenile appeals, failure to adequately develop an argument, to cite supporting authority, or to cite the available record may waive an argument. *See Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate

---

[3] We take no position on the other matters the juvenile court heard at the same time as the termination trial: motions to intervene by E.S.'s paternal grandfather and the first foster family. James does not raise those issues in his appeal.

on the arguments [the appellant] might have made and then search for legal authority and comb the record for facts to support such arguments."); *see also* Iowa Rs. App. P. 6.201(1)(d), 6.1401–Form 5.

James does not challenge the juvenile court's findings that the State proved the statutory grounds for terminating his rights. Instead, he argues termination of his parental rights was not in the child's best interests, citing section 232.116(2) (best interests at step two) and section 232.116(3) (statutory exceptions at step three). But the substance of his argument does not address the best-interests standard, so we limit the analysis to the statutory exceptions at step three.

It is difficult to pin down which statutory exception James relies on. He cites paragraph (d) (when it is necessary to place a child in a hospital, facility, or institution), which doesn't apply here. *See* Iowa Code § 232.116(3)(d). But his argument pertains to both paragraph (a) (when a relative has legal custody) and paragraph (c) (if it would be detrimental to the child due to the closeness of the parent-child relationship). *See id.* § 232.116(3)(a), (c). Paragraph (a) is also inapplicable because Alex has placement of E.S., not legal custody. *See In re A.B.*, 956 N.W.2d 162, 170 (Iowa 2021).

Mainly James complains about the department's tardiness in placing E.S. with Alex. That wait, according to James, deprived him of visitation and bonding time. Still, he does not raise the delay as a reasonable-efforts challenge. *See In re S.O.*, 967 N.W.2d 198, 209 (Iowa Ct. App. 2021) ("[The department] must make every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child." (cleaned up)); *In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005) (noting the parent has an obligation, equal to

the department's, to request reasonable services before the permanency hearing). James cites no legal authority. So he has waived this argument. *See Hyler*, 548 N.W.2d at 876.

Alternatively, James proposes that E.S. be placed in a guardianship with Alex or her paternal grandfather. He asserts either relative would provide a safe home while preserving the bond between him and E.S. The paternal grandfather already has custody of E.S.'s brother, so they could be in the same home. But, as a starting point, a guardianship is not legally preferred to termination. *In re L.A.*, 20 N.W.3d 529, 533 (Iowa Ct. App. 2025). And again, James cites no authority to support his proposal. In particular, he doesn't contend with section 232.104(4)(a), which requires proof that termination of the parental relationship would not be in the child's best interests before ordering a guardianship. So James waived the guardianship argument. *See Hyler*, 548 N.W.2d at 876.

James also argues for six more months to work toward reunification, a path he thinks is smoother now because E.S. is with a relative. As with his other claims, James offers no supporting authority, nor does he address the proof needed to delay permanency. *See* Iowa Code § 232.104(2)(b). So he has waived that argument as well. *See Hyler*, 548 N.W.2d at 876.

The only argument not waived in his petition on appeal is James's invocation of section 232.116(3)(c). Yet the State alleges James failed to preserve error by not invoking a statutory exception in the juvenile court. *See In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018) ("[T]he parent resisting termination bears the burden to establish an exception to termination. . . ."). Because the juvenile court

found he failed to prove the exception in paragraph (c), we assume without deciding error was preserved and address that claim.

Section 232.116(3)(c) allows the court to forgo termination when "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." The exception is "permissive, not mandatory." *In re M.W.*, 876 N.W.2d 212, 225 (Iowa 2016) (quoting *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014)). We weigh "whether the child will be disadvantaged by termination, and whether the disadvantage overcomes" the father's parenting deficiencies. *In re D.W.*, 791 N.W.2d 703, 709 (Iowa 2010).

Although James argues his visits with E.S. are appropriate and his attendance is consistent, he does not point to evidence suggesting termination of his rights would distress E.S. Nor does he argue that the harm of termination would outweigh the disadvantage of delaying permanency or returning his toddler to his care while he is using drugs. Like the juvenile court, we decline to apply this exception to preserve his parental rights.

**AFFIRMED.**